**JOE MARRUJO,**

      **Plaintiff,**

**vs.**                                        **CIV # 98-1222 BB/DJS**

**SWIFT TRANSPORTATION COMPANY, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On Plaintiff's claims for personal injury arising out of an automobile accident with the Defendant, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(a). The Plaintiff now moves *in limine* for admission of Defendant's Notice of Removal as evidence of the "minimum value" of the suit, or the "minimum amount of damages" to which the Plaintiff is entitled. Alternatively, the Plaintiff moves to remand the case to state court for want of the statutory amount in controversy, and asks the Court to impose Rule 11 sanctions against defense counsel for insufficient facts and bad faith surrounding the claimed amount in controversy. As discussed below, all of the Plaintiff's motions (Doc. 19) are hereby denied.

## FACTS

The Plaintiff, Joe Marrujo ("Mr. Marrujo"), a citizen of New Mexico, was involved in an automobile accident with the Defendant, Swift Transportation Company, Inc. ("Swift"), a corporation incorporated in Nevada with its principal place of business in Arizona. Mr. Marrujo filed a complaint in state court for personal injuries resulting from the accident. Swift then removed the case to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441(a), alleging both

diversity and an amount in controversy in excess of the requisite jurisdictional amount, $75,000.

Mr. Marrujo now moves, *inter alia*, to (1) have the Notice of Removal admitted into evidence as

an admission of the "minimum value" of the case, or the "minimum amount of damages" to which

Mr. Marrujo is entitled; alternatively, Mr. Marrujo moves to (2) remand the case to state court for

want of the requisite jurisdictional amount and (3) to impose Rule 11 sanctions on Swift's counsel

for either failing to make a proper factual inquiry into the underlying amount in controversy or for

making the jurisdictional assertion in bad faith.  Mr. Marrujo also moved for partial summary

judgment, but such motion was withdrawn, and will not be considered by the Court.

## ANALYSIS

### Issues

In addressing the Plaintiff's motions, the Court is required to determine (1) whether

pleading the amount in controversy in a Notice of Removal results in an admission of the

"minimum amount of damages" to which the Plaintiff is entitled and (2) whether the amount in

controversy, as asserted by Swift, was supported by ample facts and good faith at the time of

removal.

### Notice of Removal as Admission

Statements made in pleadings may constitute admissions.  Missouri Hous. Dev. Comm'n

v. Brice, 919 F.2d 1306, 1314 (8th Cir. 1990).  Preliminary pleadings estimating the value of the

claim are not, however, binding upon the parties.  *See* Southwestern Inv. Co. v. Cactus Motor

Co., 355 F.2d 674 (10th Cir. 1966) (plaintiff's recovery not limited to amount of prayer); *see also*

Stineman v. Fontbonne College, 664 F.2d 1082 (8th Cir. 1981) (same).  However, even if the

Court deemed the Defendant's Notice of Removal to be an admission, it would be an admission of

the "amount in controversy," and not as an admission of the "minimum value" of the lawsuit, or the "minimum amount of damages" to which the Plaintiff is entitled. As Defense counsel points out, there is a distinction to be drawn between the "amount in controversy" and the "value" of a lawsuit. The "amount in controversy" involves an inquiry into what the Plaintiff potentially stands to gain from a lawsuit, or what the Defendant's possible exposure to liability may be. *See* Vol. 15 *Moore's Federal Practice*, § 102.109[1] (Matthew Bender 3d ed.); Carnahan v. Southern Pacific R.R. Transp. Co., 914 F.Supp. 1430 (E.D. Tex. 1995). The "value" of a lawsuit, on the other hand, necessarily encompasses a number of factors, including the type of suit, subsequent discovery and, ultimately, a finding by a jury. Such an inquiry would necessarily be determined on a case-by-case basis, and the Court will not make that determination as a matter of law. Pleadings related to the "amount in controversy" cannot equate to admissions of the "minimum amount of damages" to which the Plaintiff is entitled. The ramifications of a contrary holding are so numerous and obvious as to defy logic and necessitate no further discussion.

As such, even if the Court deemed the Notice of Removal to be admissible as to the "amount in controversy," its limited purpose renders the evidence inadmissible, as its probative value is substantially outweighed by the potential confusion of the jury, not to mention the potential prejudice to the Defendant. F.R.E. Rule 403. Therefore, the Court finds that Swift's Notice of Removal is inadmissible as an admission as to the "minimum value" of the lawsuit, or the "minimum amount of damages" to which the Plaintiff is entitled, thereby warranting denial of the Plaintiff's motion *in limine*.

**Amount in Controversy**

There exists a presumption against removal jurisdiction.  <u>Laughlin v. K-Mart Corporation</u>, 50 F.3d 871, 873 (10th Cir. 1995).  Thus, the removing party bears the burden of establishing federal removal jurisdiction.  <u>Id.</u>  Both the requisite amount in controversy and the existence of diversity must be affirmatively established either on the face of the petition or the removal notice itself for the purposes of diversity jurisdiction.  <u>Id.</u>  When the face of the complaint does not affirmatively establish the requisite amount in controversy, the burden is on the removing party to set forth, in the notice of removal itself, underlying facts supporting the assertion that the minimum jurisdictional amount for diversity jurisdiction exists.  <u>Id.</u>  The notice of removal must contain a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), and must establish the requisite amount in controversy at the time of removal by a preponderance of the evidence.  <u>Barber v. Albertsons, Inc.</u>, 935 F.Supp. 1188, 1190 (N.D.Ok. 1996).  At a minimum, the removing party must establish a "reasonable probability" that the requisite amount in controversy is satisfied.  <u>See</u> <u>NLFC, Inc. v. Devcom Mid-America, Inc.</u>, 45 F.3d 231 (7th Cir. 1995).

Nor may diversity jurisdiction be conferred or established by colorable or feigned allegations made solely for the purpose of establishing such jurisdiction.  <u>Emland Builders, Inc. v. Shea</u>, 359 F.2d 927, 929 (10th Cir. 1966).  A finding of a lack of good faith equates to a finding of a "colorable claim," thus leaving a Federal court without jurisdiction.  <u>Id.</u> at 929-930.  It must, however, appear to a *legal certainty* from the face of the complaint that the claim is in reality for less than the jurisdictional amount to warrant a finding of lack of good faith.  <u>Id.</u> at 930 (emphasis added).

Based on the factual allegations in the complaint, Swift made a determination in its Notice of Removal that removal jurisdiction existed. The Defendant alleged diversity jurisdiction, asserting that the parties to this suit are citizens of different states, and this does not appear to be contested. Moreover, the Defendant claims that the amount in controversy (i.e. what the Plaintiff stands to gain, what the Defendant's possible exposure to liability may be) was in excess of $75,000. Swift set out in its Notice of Removal the alleged injuries sustained by Mr. Marrujo. Based on those allegations, Swift then made a determination that it could be subjected to potential liability in excess of $75,000. Swift made this determination by an analogy to jury verdicts in cases with similar alleged injuries, and the Court believes that such an analogy is sufficient. It appears to the Court that Swift had a factual basis upon which to make such an assertion, and it set out those facts in the Notice of Removal. Nor does Mr. Marrujo disclaim any right to damages in excess of $75,000. The Court therefore finds, by a preponderance of the evidence, or at least a "reasonable probability," that Swift's assertion of removal jurisdiction, both in diversity and the requisite jurisdictional amount, was made with a sufficient factual basis.

The Court also finds that the assertion was made in good faith. Mr. Marrujo attempts to establish his claim of "bad faith" by introducing evidence as to Defense counsel's statement during failed settlement negotiations regarding the suit having a mere "nuisance value." Mr. Marrujo argues that this statement shows that Swift knew that the amount in controversy in the case at bar was below the requisite jurisdictional amount. However, even if this statement was made, this evidence is inadmissible as "[e]vidence of … statements made in compromise negotiations …" F.R.E. Rule 408. Moreover, the Court cannot say that, on the face of the complaint, it appears to a legal certainty that Mr. Marrujo's claim for personal injuries cannot result, as a matter of law, in

damages in excess of $75,000. As such, the Court finds that the assertion of the jurisdictional amount was made in "good faith." In sum, the mere fact that defense counsel might believe that its case is without merit does not mean that defense counsel did not have a good faith belief that the Plaintiff might be able to recover more than $75,000 if he were to prevail in this case. Therefore, the Court finds that the "amount in controversy" alleged by the Defendant in its assertion of removal jurisdiction was supported by a reasonable factual basis and good faith, and the Plaintiff's motion for remand to state court and for Rule 11 sanctions is denied.

## CONCLUSION

In conclusion, the Court finds that the Defendant's Notice of Removal is inadmissible as an admission establishing the minimum amount of damages to be awarded the Plaintiff. The Court further finds that the Defendant made a sufficient factual inquiry into the amount in controversy, and did so with good faith prior to filing the Petition for Removal. Therefore, the Court holds that all of the Plaintiff's motions should be denied.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's July 6, 1999 motion *in limine* and, alternatively, motion to remand and motion for Rule 11 sanctions (Doc. 19) be, and hereby is, DENIED.

DATED August 6, 1999.

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**

**Attorneys:**

**For Plaintiff:**
James A. Branch, Jr.
1700 Ave. Las Campanas, N.W.
Albuquerque, NM  87107
(505) 344-1226

**For Defendant:**
R.D. Mann
R.E. Thompson
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2564
Roswell, NM  88202-2564
(505) 625-8868